FILED

Jul 06 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW K. QUALE,<br>　　　　Plaintiff,<br>　　v.<br>KATHLEEN ALLISON, et al.,<br>　　　　Defendants. | Case No. 21-cv-00708-TSH<br><br>**REPORT AND RECOMMENDATION** |

## I.　INTRODUCTION

Plaintiff, an inmate at San Quentin State Prison ("SQSP"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's amended complaint, and his request for appointment of counsel. ECF No. 6. As not all parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that (1) the amended complaint's claims for damages based on Defendants' actions in their official capacity be DISMISSED as barred by the Eleventh Amendment; (2) the amended complaint's claims for refusing free COVID tests and for failure to provide PPE during the first month of the pandemic be DISMISSED for failure to state a claim; (3) the amended complaint's claim that Plaintiff received inadequate dental care be DISMISSED with leave to amend; (4) service be made upon Defendants upon the amended complaint's claim that Defendants violated the Eighth Amendment's prohibition on deliberate indifference to inmate safety and Plaintiff's medical needs when they transferred inmates from California Institution for Men – Chino to SQSP in May 2020 and when they failed to reduce the prison population by 50%; and (5) Plaintiff's request for appointment of counsel be DENIED.

## II. REPORT AND RECOMMENDATION

### A. Standard of Review for Screening *Pro Se* Prisoner Complaint

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Amended Complaint[1]

Plaintiff names as defendants California Department of Corrections and Rehabilitation ("CDCR") director Allison; CDCR Secretary Diaz; CDCR associate director Davis; SQSP warden Ron Broomfield; federal receiver Kelso; SQSP chief medical officer Pachynski; California

---

[1] Plaintiff's amended complaint is virtually identical to the amended complaints received by the Court in the following cases: *Harris v. Allison*, C No. 20-9393 SK; *Cooper v. Allison*, C No. 20-9415 BLF; *Hall v. Allison*, C No. 21-103 RMI; *Delgadillo Lopez v. Allison*, C No. 21-406 NC; *Vines v. Allison*, C No. 21-827 JSC; and *Demings v. Allison*, C No. 21-828 RMI.

Institute for Men ("CIM")[2] chief medical officer Escobell; CDCR director of medical services doctor Steven Tharratt; SQSP Healthcare chief executive director Clarence Cryer; CIM warden Dean Borders; and California Correctional Health Care Services ("CCHCS") doctor Joseph Bick. Dkt. No. 6 at 5-7.

The amended complaint makes the following allegations regarding SQSP's general handling of the COVID-19 pandemic subsequent to Governor Newsom's declaration of a state of emergency on March 4, 2020: (1) in early March 2020, CDCR refused free COVID tests for staff and inmates; (2) during the early days of the pandemic, defendants Broomfield, Cryer, and Pachynski failed to provide adequate personal protective equipment ("PPE"), only providing masks to the inmate population in late April 2020; and (3) refused to reduce the prison population by 50% as advised by outside experts in order to contain the transmission of COVID at SQSP.

The amended complaint makes the following allegations regarding the May 2020 transfer of 189 inmates from CIM to SQSP: (1) defendant Kelso, with the approval of defendants Diaz, Allison and Davis, approved the transfer of 189 CIM inmates to SQSP which has, due to its antiquated infrastructure and overcrowding, exceedingly poor ventilation, extraordinarily close living quarters, and inadequate sanitation, conditions which made COVID spread more likely; (2) defendants Escobell and Tharratt ordered that CIM inmates not be retested for COVID the day prior to the transfers and did not have them tested within four to six days of the transfers as required; (3) defendant Bick was responsible for the transfer and testing protocols, and knew that these protocols were not being followed in the transfer; (4) defendants Borders, Escobell, and Bick, Tharratt, Diaz, and Alison, and other CCHCS officials, approved the transfer of the CIM inmates despite knowing that these inmates' COVID test results were outdated; (5) defendant Davis, with the approval of defendants Diaz, Allison, and Bick, disregarded prison social distancing guidelines requiring no more than 19 inmates per bus, and transferred the CIM inmates to SQSP via buses that held over 19 inmates per bus; (6) defendants Cryer and Broomfield placed the newly arrived CIM inmates in cells with open doors which allowed the virus to further spread;

---

[2] The Court refers to California Institute for Men – Chino as CIM, instead of using CSP, the abbreviation used by Plaintiff.

(7) defendants Cryer, Pachynski, and Broomfield refused to properly sequester the CIM inmates, require masks, and restrict the movement of exposed staff. Dkt. No. 6 at 9, 12, 13. As a result, COVID spread quickly through SVSP, and Plaintiff contracted COVID on June 29, 2020.

The amended complaint also alleges that at some point CDCR officials considered transferring 50 SQSP inmates to North Kern State Prison even though some of these inmates had tested positive for COVID. These inmates ultimately were not transferred.

Plaintiff alleges the above actions and inactions violated the Eighth Amendment. He seeks declaratory relief, injunctive relief requiring that SQSP attend to all of his medical and dental concerns, compensatory and punitive damages, and costs of suit.

### C. Legal Claims

Plaintiff is suing each defendant individually and "in his [or her] official capacity." Dkt. No. 6 at 7. The Eleventh Amendment to the U.S. Constitution bars a person from suing a state in federal court without the state's consent. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-100 (1984). State officials acting in their official capacities are not "persons" under Section 1983 because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, such a suit is therefore no different from a suit against the state itself. *Id.* Accordingly, the Eleventh Amendment bars Plaintiff's claims for monetary relief to the extent that they are based on acts by Defendants in their official capacities. *See id.* The undersigned therefore RECOMMENDS the Court DISMISS Plaintiff's claims for damages against Defendants in their official capacities.

The allegations regarding the May 2020 transfer of CIM inmates into SQSP and the failure to reduce the SQSP prison population to reduce COVID risk state cognizable Eighth Amendment claims. *Farmer*, 511 U.S. at 837 (prison official is deliberately indifferent if he or she knows that prisoner faces substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it).

However, with respect to the refusal of free COVID tests and the lack of PPE in March 2020, at the start of the pandemic, these allegations indicate nothing more than negligence because

SQSP had no known COVID-19 cases at the time. Neither negligence nor gross negligence is actionable under Section 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner). The claim regarding the proposed transfer of SQSP inmates to North Kern State Prison also fails to state an Eighth Amendment claim. It is unclear how such a transfer would have affected Plaintiff's constitutional rights, and the transfer did not take place. Finally, it is unclear what claim Plaintiff is raising regarding his dental care. He does not describe what dental care was needed and not provided. Accordingly, the undersigned RECOMMENDS the Court DISMISS Plaintiff's claim regarding his dental care with leave to amend.[3] If Plaintiff chooses to file a second amended complaint alleging an Eighth Amendment violation regarding his dental care, he should identify what dental care was needed and not provided. A prison official violates the Eighth Amendment when (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. *See Farmer,* 511 U.S. at 834. The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* at 837. If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

**D.   Request for Appointment of Counsel**

Plaintiff has requested the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1), on the grounds that he is mentally handicapped and presently incarcerated, and because a trial will involve conflicting testimony and counsel would be in a better position to present evidence and

---

[3] More importantly, Plaintiff has not indicated how the dental needs are related to the transfer of CIM inmates into SQSP or related to the failure to reduce the SQSP prison population. If his dental needs are unrelated to the COVID risk presented by Defendants' actions and inactions, he must file a separate action to challenge the denial of dental care. *See* Fed R. Civ. P. 20(a)(2) (persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits, and prisoners must pay required PLRA filing fees).

cross-examine witnesses. Dkt. No. 6 at 18.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "However, a court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Id.* (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). A finding of "exceptional circumstances" requires an evaluation of the likelihood of the plaintiff's success on the merits and of the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Agyeman*, 390 F.3d at 1103. Both factors must be viewed together before reaching a decision on a request for counsel under § 1915. *See id.*

At this early stage in the litigation, the likelihood of Plaintiff's success on the merits is unclear and Plaintiff has thus far sufficiently articulated his claims *pro se* despite being mentally handicapped. It is also unclear whether this case will proceed to trial. Accordingly, the undersigned RECOMMENDS the Court DENY Plaintiff's request for appointment of counsel for lack of exceptional circumstances without prejudice to the Court's *sua sponte* appointment of counsel should circumstances so require.

### III.   CONCLUSION

For the reasons set forth above, the undersigned RECOMMENDS the Court DISMISS Plaintiff's (1) claims for damages based on Defendants' actions in their official capacity, as barred by the Eleventh Amendment; (2) claims for refusing free COVID tests and for failure to provide PPE during the first month of the pandemic, for failure to state a claim; and (3) claim that he received inadequate dental care with leave to amend. The undersigned further RECOMMENDS service be made upon Defendants upon the amended complaint's claim that Defendants violated the Eighth Amendment's prohibition on deliberate indifference to inmate safety and Plaintiff's medical needs when they transferred inmates from California Institution for Men – Chino to SQSP in May 2020 and when they failed to reduce the prison population by 50%. Finally, the undersigned RECOMMENDS Plaintiff's request for appointment of counsel be DENIED.

//

//

Pursuant to Federal Rule of Civil Procedure Rule 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: 7/6/2021

_____
THOMAS S. HIXSON
United States Magistrate Judge