UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW K. QUALE,<br><br>    Plaintiff,<br><br>v.<br><br>KATHLEEN ALLISON, et al.,<br><br>    Defendants. | Case No. 21-00708 EJD (PR)<br><br>**ORDER DISMISSING NON-COGNIZABLE CLAIMS; OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at San Quentin State Prison ("SQSP"), filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983. Dkt. No. 1. The action was reassigned from Magistrate Judge Thomas S. Hixson to the undersigned because not all parties had consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. No. 10. Prior to the reassignment, Magistrate Judge Hixson issued his report and recommendation on July 6, 2021. Dkt. No. 9. When the deadline to file an objection to the report and recommendation expired with no objections being filed, the Court proceeded to review the record on its face and found no clear error. Dkt. No. 11. The Court therefore accepted Magistrate Judge Hixson's report and recommendation, which then became the Order of this Court. Id. at 2.

The Court identified cognizable claims, dismissed non-cognizable claims with prejudice, and dismissed remaining claims with leave to amend. Id. at 3-4. Plaintiff was directed to file an amended complaint to correct the deficiency in his inadequate dental care claim. Id. at 3. Plaintiff was advised that if he failed to respond in the time provided, the matter would proceed solely on the cognizable claims and all other claims would be dismissed for failure to state a claim. Id. at 4. The deadline for responding, September 14, 2021, has passed, and Plaintiff has not filed a response. Accordingly, this action shall proceed on the cognizable claims identified in the last court order, and all other claims shall be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This action shall proceed on the Eighth Amendment claim for deliberate indifference to inmate safety and Plaintiff's medical needs when inmates were transferred from California Institution for Men – Chino ("CIM") to SQSP in May 2020, and for failure to reduce the prison population by 50%. Dkt. No. 9 at 6; Dkt. No. 11 at 3. All other claims are dismissed with prejudice for failure to state a claim.

2. The following defendants at SQSP, CIM, and CDCR shall be served:

    a.    **Kathleen Allison, Director of the CDCR**

    b.    **Ralph Diaz, Secretary of the CDCR**

    c.    **Ron Davis, Associate Director of Reception Centers for the CDCR**

    d.    **Ron Broomfield, Acting Warden of SQSP**

    e.    **Dr. A. Pachynski, Chief Medical Officer at SQSP**

    f.    **Dr. L. Escobell, Chief Medical Officer at CIM**

    g.    **R. Steven Tharratt, Director of Medical Services for the CDCR**

    h.    **Clarence Cryer, Healthcare Chief Executive Director at SQSP**

    i.    **Dean Borders, Warden of CIM**

      j.    **Dr. Joseph Bick, Director of CCHCS for the CDCR**

**Defendant Kelso** shall be separately served as directed under paragraph (3) below. See infra at 4. All other defendants shall be terminated from this action, including the following: J. Arnold, M. Bloise, B. Haub, B. Dutton, K. France, T. R. Teixeira, and Gavin Newsom.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint, and any attachments thereto, Dkt. No. 6 (amended complaint), a copy of the court's "Order Accepting Report and Recommendation," Dkt. No. 11, this order of service, a CDCR Report of E-Service Waiver form and a summons. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. **Defendant Clark Kelso, Federal Receiver** shall be served through the Litigation Support Section of the California Correctional Health Care Services. The clerk is directed to serve on Defendant Kelso **via email at HCLitigationSupport@cdcr.ca.gov**, the following documents: the operative complaint, and any attachments thereto, Dkt. No. 6 (amended complaint), a copy of the court's "Order Accepting Report and Recommendation," Dkt. No. 11, this order of service, and a summons.

4. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).** *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to

the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: 10/18/2021

EDWARD J. DAVILA
United States District Judge

Order Dismissing Non-Cog. Claims; of Svc
PRO-SE\EJD\CR.21\00708Quale_svc

5